41380. ERVING'S HATCHERIES, INC. v. SIZEMORE.

JORDAN, Judge. Erving's Hatcheries, Inc. filed its petition in four counts against J. R. Sizemore to recover $5,598.96 allegedly owed to the plaintiff by the defendant under four contracts of conditional sale of baby chicks which were past due and unpaid. The defendant filed an answer and cross

action in which he admitted the execution of the notes sued upon but asserted that he was not liable to the plaintiff because of the following facts: that in addition to the chicks covered by the contracts sued upon under the terms of which the defendant had waived all warranties, the defendant had purchased 30,000 other chicks from the plaintiff for which he had paid cash in the total sum of $10,050; that these chicks, as to which the defendant had not waived any warranties, had been represented by the plaintiff to be "H & N Leghorns in the production of which plaintiff had followed approved and recommended methods of flock control and egg selection and hatched in hatchery operated according to established sanitary and disease control standards"; that all of said chicks, when delivered to the defendant, were infested with the disease "leukosis," which fact was not known to the defendant but was known to plaintiff or could have been reasonably ascertained by plaintiff at time of sale and should have been known to plaintiff in the exercise of ordinary care; and that the condition for the purchase price paid by defendant to plaintiff had failed and such chicks were worthless. The defendant in his cross action prayed for a setoff of the purchase price of these chicks against its liability to the defendant on the notes sued upon and for an affirmative judgment of $4,451.04.

Pursuant to an order of court sustaining certain special demurrers filed by the plaintiff with leave to amend, the defendant amended paragraph 2 of his cross action by adding the following paragraph: "Plaintiff's agents who made said representations to defendant were Don Durham and Aaron Crawford on or about September 17, 1962. Part of said representations were in writing and a copy thereof is attached hereto as Exhibit A, and made a part hereof. In addition to said written representations said agents of plaintiff represented to defendant that said chicks were hatched from eggs produced by flocks of hens controlled by plaintiff and free of leukosis and that plaintiff knew said chicks were free of leukosis." Exhibit A referred to in this amendment provided as follows: "In the production of these chicks the seller has followed approved and recommended methods of flock control and egg selection and has operated its hatchery according to established sanitary and disease control standards. However, seller does not warrant these chicks to be free from

any disease the existence of which could not be reasonably ascertained at the time of sale."

The plaintiff filed additional special demurrers to the amended pleading, some of which were sustained and others overruled, and the case proceeded to trial. The jury returned a verdict for the defendant in the amount of $3,000, and the plaintiff filed a motion for new trial on the general grounds only which was denied. The exception is to that judgment and to the antecedent orders of court overruling certain of the plaintiff's special demurrers to the defendant's cross action. *Held:*

1. The trial court did not err in overruling the special demurrers complained of.

2. The defendant produced absolutely no evidence in support of his allegation that the plaintiff through its agents, Durham and Crawford, had orally represented that these chicks were free of leukosis. Conversely, Durham testified that he had expressly informed the defendant that in no case would the plaintiff guarantee that these birds "would not come down with leukosis"; and this testimony was uncontradicted.

Furthermore, the evidence disclosed that the chicks had been sold subject to an express, written disclaimer of warranty that "seller does not warrant these chicks to be free from any disease the existence of which could not be reasonably ascertained at the time of sale"; and a finding was demanded from the evidence that even if leukosis had been present in these chicks at the time of sale (and that fact was in dispute, the evidence showing that leukosis had been present in defendant's flocks prior to the purchase of these chicks from the plaintiff), its presence could not have been reasonably ascertained in such chicks either by observation or by any known tests.

Under these circumstances, a verdict was demanded in favor of the plaintiff, and the trial court erred in denying its motion for a new trial on the general grounds.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Deen, J., concur.*

SUBMITTED JUNE 7, 1965—DECIDED JULY 14, 1965.

*Wheeler, Robinson & Thompson, Robert B. Thompson,* for plaintiff in error.

*Telford, Wayne & Greer, Joe K. Telford,* contra.